## WESS LUMAN V. THE STATE.

No. 9274.   Delivered June 17, 1925.

Rehearing granted December 2, 1925.

**1.—Sale of Intoxicating Liquor—Bill of Exception—Insufficient—Not Considered.**

Where on a trial for the sale of "jake" alleged to be intoxicating liquor, a bill of exception complaining of the testimony of a witness as to the ingredients of "jake" and its percentage of alcohol, because it was not shown to be the same bottle sold by appellant, presents nothing for our consideration, as the grounds of an objection, as set out in a bill is not an averment of a fact.  The bill should have stated as a fact that the "jake" referred to by witness was not the identical "jake" that appellant was charged with selling.  See Branch's Ann. P. C. Sec. 209.  Following Cavanar v. State 269 S. W. 1053.

**2.—Same—Impeaching the Defendant—Other Indictment—Properly Admitted.**

Where the defendant offers himself as a witness, it is not error on cross-examination for the State to prove by him that he has been indicted for other felonies.  Such testimony is admissible only for the purpose of impeachment, and must be limited to that purpose by the court's charge.

**3.—Same—Question of Fact—For Jury to Determine.**

Where the defensive theory is that the beverage sold by appellant was not intoxicating, and was sold for medicinal purposes, and that of the state, that it was intoxicating and was sold as a beverage, and this issue having been correctly submitted to the jury in the court's charge, we are not authorized to disturb the findings of the jury when sustained by evidence in the case.

**4.—Same—Evidence—Of Non-expert—Properly Excluded.**

Where appellant complains that he was not permitted to testify that he considered the liquid sold by him as an extract, no error is shown, appellant not having qualified as an expert, it was proper to exclude his opinion as to what he considered the ingredients were, in question.

ON REHEARING.

**5.—Same—Evidence Held Insufficient.**

A careful re-examination of this record on rehearing, as to the purposes of the sale of "jake" by appellant, impresses us that the evidence fails to show with that degree of certainty required by law that the sale in question was made for beverage purposes, and that the evidence is insufficient to support the conviction, and the cause is reversed and remanded.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. P. Anderson* of Center, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the District Court of Shelby County upon an indictment charging him with the sale of intoxicating liquor in one count and the sale of medicated bitters capable of producing intoxication in another count, convicted, and his punishment assessed at one year confinement in the penitentiary.

Briefly stated, the record discloses that the appellant was engaged in selling patented medicine and other articles of merchandise and on the date alleged in the indictment sold to one Leo Polly a bottle of "jake" or Jamaica ginger and that "jake" or Jamaica ginger consisted of about ninety per cent. alcohol since the Dean Law and about one-half that amount prior thereto and that same was intoxicating. The above in effect was the testimony of the State, while the defendant contended that he sold same not as a beverage but for medicinal purposes.

In bill of exception No. 2 complaint is urged against the action of the court in permitting the State's witness Stripling, a pharmacist, to testify as to the ingredients of Jamaica ginger or "jake" and the percentage of alcohol therein and it is stated in the objection that it is not shown to be the same bottle and the contents sold by the appellant to the witness Polly but said bill does not state nor show that the witness was not talking about the same bottle and the contents thereof. This court has repeatedly held that a bill in this shape is insufficient. In Branch's Ann. P. C. Sec. 209, it is stated:

"A mere statement or a ground of objection in a bill of exception is not a certificate of the Judge that the facts which formed the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objection."

Citing Mims v. State, 153 S. W. 321, and many other authorities.

We also call attention to the case of Cavanar v. State, 269 S. W. 1053. Under the authorities, supra, we are unauthorized to consider said objection urged to said evidence.

In bill of exception No. 6, complaint is made to the action of the court in permitting the State to ask the defendant while upon the witness stand upon cross-examination relative to four or five indictments pending against him and his answer thereto: "I understand they have got four in this grand jury all on the same thing." This bill is not very definite and certain, but if the testimony had reference to the same charge for which the defendant was being tried it was clearly admissible for impeachment purposes. However, the court in qualifying said bill states that the only objection made to this testimony was "that there were no prior indictments and that the court stated the testimony would be limited to affecting the credibility of the witness." This objection to said evidence did not raise the question of any material error because it has been repeatedly held that you can ask the defendant and prove by him orally as to charges pending against him. At any rate, the bill discloses no error in the shape it is in.

Bill No. 8 complains of the action of the court in that it raises the question as we understand it of the insufficiency of the testimony, because it is contended that it is not shown that "jake" was intoxicating and that same was sold as a beverage. This was the issue made by the defendant in the case and the State's testimony shows that it was intoxicating and the State's theory being that it was sold for the purpose of a beverage and the defendant's theory being that it was sold for medicinal purposes, these issues were properly submitted to the jury and their findings thereon, in our opinion was supported by the testimony and upon controverted issues we are unauthorized to interfere with the action of the jury.

Complaint is urged in bill of exception No. 9 to the failure of the court to permit the defendant to testify that he considered what it is alleged to have been sold by him to Polly as an extract. We fail to observe any error in the action of the court in this particular because it is not shown in said bill that said appellant was an expert and that he was not authorized to inject any opinion to the jury as to what he considered the ingredients were in question, and the record

shows that he testified fully as to having sold the beverage in controversy for medicinal purposes, and not as a beverage. Under this phase of the case, we fail to see any possible error complained of.

. We have carefully examined the entire record and have reached the conclusion that the record fails to disclose any error committed by the trial court, and this case should be affirmed, and it is accordingly so ordered.          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BAKER, JUDGE.—Appellant in his motion for rehearing strenuously insists that we were in error in our original opinion in holding that the evidence warranted a conviction in this case. We have again examined the statement of facts, and as the same is short, have decided to set out the main portion of it as relied upon by the State and defendant on this issue.

The State's witness Polly testified to purchasing the alleged intoxicant in question as follows:

"Yes, I just went by and got me a bottle of "jake" or Jamaica ginger . . . I bought a bottle of "jake" that resembled that (referring to the sale by the defendant to him) . . . As to what I bought that bottle of stuff for, I will state that I felt bad and went by there and got it; I didn't get it to get a drink. I got it for medicinal purposes; I got it for a bad cold . . . I got it for medicinal purposes; I didn't get it to drink right down . . . I did not buy it for a stimulant . . . I did not tell Wess Luman, the defendant, what I was buying it for. I did not tell him I was sick."

The defendant after testifying to selling patent medicines in connection with his grocery business, testified as follows:

"I sold to one Leo Polly one bottle of what is commonly called "jake' or Jamaica ginger . . . I do not remember what statement he made in connection with it, but I let him have it for that purpose. As to whether he stated to me that he had any malady, I will state that he had prior to this time. He said he had stomach troubles and complained of it at various times . . . At the particular time that he bought it, I don't know that he made any statement at all. As to whether he told me before that time that he was sick, I will state that

I believe he might have said something about feeling bad or something, and wanted a bottle of it . . . I sell it for medicinal purposes and can not tell what it is good for . . . It says it is good for cramps, and I don't remember what all it does say it is good for . . . I will state, in that particular instance, as to what particular use I sold it to him for, I suppose he wanted it for his stomach . . . He did not tell me at that time what he was buying it for; not at that particular time, but he had complained of stomach trouble; he told me that was what he was using it for . . . I was particular not to sell it to a man that I thought wanted it for beverage purposes, but if a man wanted a bottle for medicinal purposes I sold it."

This was practically all of the evidence introduced by the State and the defendant on the point relative to the sale.

After a careful examination of the entire record relative to this issue, we have come to the conclusion that the evidence fails to show with that degree of certainty required by law that the sale in question was made for beverage purposes, and that the evidence is insufficient to warrant a conviction. The motion for rehearing is granted, the judgment of affirmance set aside, and the judgment of the trial court is reversed and remanded.                                                        *Reversed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.